IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 13-321 Erie |
| | ) | |
| WILLIAM W. HAMMOND | ) | |
| Corry, PA  16407, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHELLE J. HAMMOND | ) | |
| Corry, PA  16407, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR FEDERAL TAXES

PLAINTIFF, the United States of America, complains of defendants as follows:

1.     This is a civil action in which the United States seeks to reduce to judgment the federal tax assessments made against defendants William W. Hammond and Michelle J. Hammond.

### JURISDICTION & VENUE

2.     The Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, has authorized and requested this action, which is brought at the direction of the Attorney General of the United States pursuant to 26 U.S.C. § 7401.

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

4.     Venue is proper in this Court by virtue of 28 U.S.C. § 1396.

**PARTIES**

5.      Plaintiff is the United States of America.

6.      Defendants, William W. Hammond and Michelle J. Hammond are

husband and wife, who reside at 25 E. Woodland Drive, Corry, Pennsylvania, within

the jurisdiction of this Court.

**COUNT I**

7.      The allegations contained in paragraphs 1 through 6 are restated as if fully

set forth herein.

8.      A delegate of the Secretary of the Treasury properly and timely assessed

federal income taxes, penalties, and statutory interest against William W. Hammond

and Michelle J. Hammond for the following tax periods on the dates and in the amounts

set forth below:

| Type of Tax | Tax Period Ending | Assessment Date | Assessed Amount |
|---|---|---|---|
| Form 1040 | December 31, 1999 | October 25, 2004 | $2,067.00 |
| Form 1040 | December 31, 2002 | October 27, 2003 | $3,551.00 |
| Form 1040 | December 31, 2004 | July 16, 2012 | $3,679.00 |
| Form 1040 | December 31, 2005 | July 23, 2012 | $2,940.00 |
| Form 1040 | December 31, 2006 | March 29, 2010, August 13, 2012 | $1,261.00 $1,604.00 |
| Form 1040 | December 31, 2007 | August 13, 2012 | $1,753.00 |
| Form 1040 | December 31, 2009 | November 5, 2012 | $2,498.00 |
| Form 1040 | December 31, 2010 | November 5, 2012 | $3,747.00 |
| Form 1040 | December 31, 2011 | November 5, 2012 | $3,356.00 |

10612902.1

9.      Proper notices and demands for payment of the assessments were given to William W. Hammond and Michelle J. Hammond in accordance with 26 U.S.C. § 6303.

10.     The aforementioned assessments were made correctly in accordance with law.

11.     Statutory additions and penalties, interest, and costs have accrued and will continue to accrue on the assessments.

12.     The amount owed in connection with the assessments described in paragraph 8, as of September 30, 2013, was $30,243.14.

WHEREFORE, plaintiff, the United States of America, prays that this Court:

A.      Order, adjudge, and decree that the defendants, William W. Hammond and Michelle J. Hammond, are indebted to th4e United States in the amount of $30,243.14 for the income taxes, penalties, and statutory interest assessed against them for the 1999, 2002, 2004, 2005, 2006, 2007, 2009, 2010, and 2011 tax years, plus statutory additions to tax accruing from September 30, 2013 until paid;

B.      Award to the United States its costs of prosecuting this action; and

C.      Order such further relief as the Court deems just and equitable.

### COUNT II

13.     The allegations contained in paragraphs 1 through 12 are restated as if fully set forth herein.

14.     William W. Hammond was the owner of Corry Communications, Inc. ("Corry").

3

15.     William W. Hammond owned and was the president of Corry.

16.     William W. Hammond was a person who was responsible for withholding, truthfully accounting for, and paying over to the Internal Revenue Service the federal income, Social Security, and Medicare taxes that were withheld from the wages of Corry's employees.

17.     William W. Hammond had authority at Corry to hire and fire employees.

18.     William W. Hammond had authority at Corry to manage employees.

19.     William W. Hammond had authority at Corry to direct and authorize the payment of bills on behalf of the corporation.

20.     William W. Hammond had authority at Corry to deal with suppliers and customers on behalf of the corporation.

21.     William W. Hammond had authority at Corry to sign and countersign checks on behalf of the corporation.

22.     William W. Hammond had authority at Corry to authorize payroll checks.

23.     William W. Hammond had authority at Corry to authorize payment of federal tax deposits on behalf of the corporation.

24.     William W. Hammond reviewed Corry's federal income tax returns.

25.     William W. Hammond had authority at Corry to determine the corporation's financial policy.

26.     William W. Hammond willfully refused to pay over to the Internal Revenue Service the federal income, Social Security, and Medicare taxes that were

4

withheld from the wages of Corry's employees, because he had knowledge that the withheld taxes were owed and chose to pay other corporate debts in lieu of the taxes.

27.     A delegate of the Secretary of the Treasury properly and timely assessed trust-fund recovery penalties against William W. Hammond in connection with Corry's unpaid federal employment tax liabilities for the tax periods, on the dates, and in the amounts set forth below:

| Type of Tax | Tax Period Ending | Assessment Date | Assessed Amount |
|---|---|---|---|
| Civil Penalty | September 30, 2001 | January 5, 2004 | $3,282.37 |
| Civil Penalty | December 31, 2001 | January 5, 2004 | $3,307.00 |
| Civil Penalty | March 31, 2002 | January 5, 2004 | $2,857.82 |
| Civil Penalty | June 30, 2002 | January 5, 2004 | $2,724.33 |
| Civil Penalty | September 30, 2002 | January 5, 2004 | $2,800.38 |
| Civil Penalty | December 31, 2002 | January 5, 2004 | $3,249.39 |
| Civil Penalty | March 31, 2003 | January 5, 2004 | $3,000.12 |

28.     Proper notices and demands for payment of the assessments were given to William W. Hammond in accordance with 26 U.S.C. § 6303.

29.     The aforementioned assessments were made correctly in accordance with law.

30.     Statutory additions and penalties, interest, and costs have accrued and will continue to accrue on the assessments.

31.     By reason of the foregoing, William W. Hammond is indebted to the United States for trust fund recovery penalty assessments made against him under 26 U.S.C. § 6672 for the periods ending September 30, 2001, December 31, 2001, March 31,

10612902.1

2002, June 30, 2002, and September 30, 2002, December 31, 2002, and March 31, 2003 in the amount of $34,619.39, as of September 30, 2013, plus interest and costs that have accrued and will continue accruing according to law.

WHEREFORE, plaintiff, the United States of America, prays that this Court:

D.      Order, adjudge, and decree that the defendant, William W. Hammond, is indebted to the United States in the amount of $34,619.39 for the trust fund recovery penalty assessments and statutory interest assessed against him for the taxable periods ending September 30, 2001, December 31, 2001, March 31, 2002, June 30, 2002, and September 30, 2002, December 31, 2002, and March 31, 2003, plus statutory additions to tax accruing from September 30, 2013 until paid;

E.      Award to the United States its costs of prosecuting this action; and

F.      Order such further relief as the Court deems just and equitable.


DATE: October 21, 2013

DAVID J. HICKTON
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General, Tax Division

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Tel.: (202) 307-2250
Fax: (202) 514-6866
Email: christopher.j.williamson@usdoj.gov

6

10612902.1